Caldwell, J.
On the trial of this case in the court below, evidence was offered for the purpose of showing that the note had been destroyed by the defendant himself, and then secondary evidence of the contents of the note, by introducing what was said to be a' copy, and by other testimony. To the introduction of all this evidence the defendant’s counsel objected, but the court overruled the objections and received the evidence. The state, for the purpose of introducing the secondary evidence, to prove the contents of the note alleged to have been forged, called on James C. Newell, who testified that in August last he saw defendant have a note, made by George Armstrong, payable to said Selah Hart, and that he (Selah Hart) then tore it up, and that said note was a sealed instrument.
The state then proceeded with the secondary evidence. It was proved that the note had boon left with the firm of Corner, Davis & Sprague, by the defendant; that whilst it was in their *possession, the prosecuting witness, George Armstrong, obtained it, and took it to Henry Dawes, who took a copy of it, and handed it back to Corner, Davis & Sprague; that Corner, one of said firm, delivered it to John Moody, who delivered it to the defendant. Armstrong testifies that his signature to the note was genuine, but that the words ‘-four hundred” wore inserted after it was signed. Two witnesses, Conn and Hart, testify to having seen the note before it was executed, and that it was drawn up for $406, the same amount that it afterward contained. The copy of the note, taken by Dawes, was given in evidence, corresponding with the note set *45 forth in the indictment, and is not under seal. In addition to Newell, Corner testifies that his strong impression is that the note was under seal. Conn testifies that he saw the note before it was-executed, and afterward saw it in the hands of Moody, and that it had a seal. Edwin Hart testifies positively that the note had a seal.
On the other hand, two or three other witnesses are interrogated on this subject, who do not recollect of any seal—they do not speak positively one way or the other. Armstrong says he does-not recollect whether the note had a seal or not; he says the copy was taken for a true one, and he supposed that it was. Dawes, who copied the note, says he does not recollect of any seal, and thinks if there had been one that he would have copied it.
The first question which is presented, is, whether the court were justified in permitting the copy of the note, and the parol testimony in reference to the description of it, to be given in evidence.
We think the evidence was inadmissible. It is a universal rule of evidence, that a party offering to prove any matter is bound to produce the best evidence which the nature of the case will admit of, or give a satisfactory excuse for not presenting such evidence, before he will be. permitted to introduce evidence of a lower or secondary character; and this is especially the case in forgery, where the production of the instrument *itself is so necessary to determine on the truth of the charge. The ground on which secondary evidence is said to be admissible in this case, is, that the note has come into the possession of the defendant, and has been by him destroyed. The note, however, which Newell testifies to have seen in the possession of defendant (and he is the only witness who testifies to this branch of the ease), and which was by defendant destroyed, was a note under seal. Moody delivered this note to the defendant, and Conn testifies that he saw the note in Moody’s hands, and that it was a note under seal. So-that the note that came into the hands of defendant, and was by him destroyed, was a note under seal. This would not lay .any ground for the introduction of secondary evidence, if a note not under seal. They are, both in civil and criminal pleading, distinct and separate instruments ; evidence of one will in no case support a pleading describing the other. But although this would be the legal effect of the evidence, yet there is no doubt but that the theory on which the state proceeded was the true *46 ono—in fact, that the evidence, in reality, all related to the same paper. And the evidence on the part of the state, as well as the evidence for the defense, proves that that paper was a note under ■seal. The evidence, then, entirely fails to prove the charge in the indictment, which is forgery of a note not under seal. ¥e think it a clear case of variance between the proof and the pleadings, and that the court erred in not ruling out the evidence. This view of tho case renders it unnecessary to pass on the other errors assigned. (1)
Judgment reversed and cause remanded.

 The decision of questions relating to the subject of forgery, etc., may be found in the following cases: Hess v. State, 5 Ohio, 1; Pickens v. State, 6 Ohio, 274; Simmons v. State, 7 Ohio, 116, pt. 1; Anderson v. State, 7 Ohio, 450; Birney v. State, 8 Ohio, 230 ; Kegg v. State, 10 Ohio, 75; 10 Ohio, 354; Barnum v. State, 15 Ohio, 717 ; Ohio v. Bronson, 1 West. L. J. 222; Ohio v. Neale, 2 West. L. J. 570.